UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARQUEL MORRIS,<br><br>                Plaintiff,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC.<br><br>                Defendant. | CIVIL ACTION NO. 14-CV-2266<br><br><br>**ANSWER TO<br>VERIFIED COMPLAINT** |

Defendant, MARRIOTT INTERNATIONAL, INC. (hereinafter "Defendant" or "MARRIOTT"), by and through its attorneys of record herein, LeClairRyan, hereby responds to Plaintiff's Verified Complaint as follows:

## AS AND FOR AN ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

<u>FIRST</u>: MARRIOTT admits it is a foreign corporation and authorized to do business in New York but denies the remaining allegations contained in the FIRST Paragraph of the Plaintiff's Verified Complaint.

<u>SECOND:</u> MARRIOTT denies the allegations contained in the SECOND Paragraph of the Plaintiff's Verified Complaint.

<u>THIRD:</u> MARRIOTT denies the allegations contained in the THIRD Paragraph of the Plaintiff's Verified Complaint.

<u>FOURTH:</u> MARRIOTT denies the allegations contained in the FOURTH Paragraph of the Plaintiff's Verified Complaint.

<u>FIFTH:</u> MARRIOTT denies the allegations contained in the FIFTH Paragraph of the Plaintiff's Verified Complaint.

SIXTH:   MARRIOTT denies the allegations contained in the SIXTH Paragraph of the Plaintiff's Verified Complaint.

SEVENTH:   MARRIOTT denies the allegations contained in the SEVENTH Paragraph of the Plaintiff's Verified Complaint.

EIGHTH:   MARRIOTT denies the allegations contained in the EIGHTH Paragraph of the Plaintiff's Verified Complaint.

NINTH:   MARRIOTT denies the allegations contained in the NINTH Paragraph of the Plaintiff's Verified Complaint.

TENTH:   MARRIOTT denies the allegations contained in the TENTH Paragraph of the Plaintiff's Verified Complaint.

ELEVENTH: MARRIOTT lacks sufficient information to admit or deny the allegations contained in the ELEVENTH Paragraph of the Plaintiff's Verified Complaint and, therefore, denies same and leaves the Plaintiff to his proofs.

TWELFTH: MARRIOTT lacks sufficient information to admit or deny the allegations contained in the TWELFTH Paragraph of the Plaintiff's Verified Complaint and, therefore, denies same and leaves the Plaintiff to his proofs.

THIRTEENTH:   MARRIOTT denies the allegations contained in the THIRTEENTH Paragraph of the Plaintiff's Verified Complaint.

FOURTEENTH:   MARRIOTT denies the allegations contained in the FOURTEENTH Paragraph of the Plaintiff's Verified Complaint.

FIFTEENTH:   MARRIOTT denies the allegations contained in the FIFTEENTH Paragraph of the Plaintiff's Verified Complaint.

SIXTEENTH:   MARRIOTT denies the allegations contained in the SIXTEENTH Paragraph of the Plaintiff's Verified Complaint.

SEVENTEENTH: MARRIOTT denies the allegations contained in the SEVENTEENTH Paragraph of the Plaintiff's Verified Complaint.

EIGHTEENTH: MARRIOTT denies the allegations contained in the EIGHTEENTH Paragraph of the Plaintiff's Verified Complaint

**WHEREFORE**, Defendant, MARRIOTT demands judgment against Plaintiff, dismissing the Verified Complaint and awarding its cost of suit, attorneys' fees and such other relief as this Honorable Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that Plaintiff has not stated facts sufficient to constitute a cause of action against this Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's action is barred by New York Worker's Compensation Laws.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Provide Basis to Award Compensatory Damages)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that Plaintiff has failed to state facts sufficient to provide a legal or factual basis to award compensatory damages or damages for emotional distress to Plaintiff under any of the causes of action alleged in the Verified Complaint on file herein.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff was a special employee and the claims are barred by New York law.

## FIFTH AFFIRMATIVE DEFENSE
### (Performance of Obligations)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that at all times mentioned in the Verified Complaint, Defendant has performed and discharged in good faith each and every obligation owed to Plaintiff, if any.

## SIXTH AFFIRMATIVE DEFENSE
### (Consent)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that any actions taken were taken with Plaintiff's consent.

## SEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Affirmative Defenses)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant asserts all other affirmative defenses to the allegations of the Verified Complaint on file herein which is available to it under the law and which may arise based upon facts not known or not now recognized as operative respective of the legal issues raised by the allegations of the Verified Complaint on file herein.

## EIGHTH AFFIRMATIVE DEFENSE
### (Conduct of Defendant Not Substantial Factor)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon

alleges, that the conduct of Defendant was not a substantial factor in bringing about the damages and injuries, if any, allegedly sustained by the Plaintiff.

### NINTH AFFIRMATIVE DEFENSE
### (Other Named Defendants Were Neither Agent Nor Employee of Answering Defendant)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges that other parties not named in the Verified Complaint herein who were neither the agents nor the employees of this Defendant were responsible parties. Therefore, Plaintiff is barred from recovery against the Defendant based upon the liability of such others.

### TENTH AFFIRMATIVE DEFENSE
### (Damages Not Due to Actions of Defendant)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that at all times relevant herein, the injuries and damages sustained by Plaintiff, if any, were caused by persons other than this Defendant and over whom Defendant has no and had no authority or control at the time of the alleged incident. As such, Plaintiff is barred from recovery for any claimed damages against this Defendant.

Any liability assessed against this Defendant must be reduced by the proportionate degree of fault or negligence attributable to such third parties.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that the incidents and events described in Plaintiff's Verified Complaint were

caused in whole or in part by other persons and/or entities. By reason thereof, this Defendant is entitled to have its liability to Plaintiff for non-economic damages limited.

## TWELFTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that Plaintiff has knowingly, willfully and deliberately failed to mitigate his damages as required by law, and by virtue thereof, has knowingly and willfully sustained damages in excess of those which may have been necessarily incurred, if any, and which were avoidable by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that each and every cause of action in the Verified Complaint is barred by the statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Laches)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that at all times relevant herein, Plaintiff unreasonably delayed asserting his claim and/or rights, all to the detriment and prejudice of this Defendant. Therefore, Plaintiff is barred from recovery against this Defendant pursuant to the doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that Plaintiff is barred from recovery on the Verified Complaint on file herein under the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Estoppel)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that Plaintiff is estopped from recovery on the Verified Complaint on file herein by virtue of the conduct of Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Waiver)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that Plaintiff is barred from recovery on the Verified Complaint on file herein on the grounds that the acts of Plaintiff constitutes a waiver of his right to recover damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Negligence or Intentional Conduct of Plaintiff)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that Plaintiff's Verified Complaint is barred, in whole or in part, because Plaintiff did not exercise ordinary care, caution or prudence to avoid the injuries alleged; and the

resulting damages, if any, sustained by Plaintiff was proximately caused and contributed to by the negligence or intentional conduct of Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Negligence or Intentional Conduct of Others)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that any alleged damages Plaintiff sustained by reason of the matters alleged in the Verified Complaint, to the extent not caused by the negligence, conduct, omission or fault of Plaintiff, his agents, attorneys, partners and/or employees, were proximately caused by the negligent conduct, omission or fault of persons or entities other than Defendant, for whose acts and/or omissions Defendant is not responsible. Should Defendant be found liable to Plaintiff for matters alleged in the Verified Complaint, Defendant is entitled to have a determination of its responsibility and fault, if any, compared with the responsibility and fault of all other persons and entities who proximately caused Plaintiff's alleged damages.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Article 16)

The liability of this Defendant is limited under the terms of Article 16 of the C.P.L.R.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Do Equity)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon

alleges, that Plaintiff has failed to do equity in the matters alleged in the purported claims, and any recovery by Plaintiff must be diminished or barred by reason thereof.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that Plaintiff lacks standing to assert such claims against Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Joinder)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, with respect to all claims for relief against Defendant, Defendant joins in and incorporates by reference each affirmative defense alleged by any co-defendants to the extent such affirmative defense(s) applies to Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Causation)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that Defendant was not the legal cause of any damages, if any, allegedly suffered by Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Attorney's Fees)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that Plaintiff is not entitled under contract or statute to recover attorneys' fees for the acts alleged in Plaintiff's Verified Complaint on file herein.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (Assumption of Risk)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that Plaintiff is not entitled to recovery for any alleged damages suffered by Plaintiff because Plaintiff assumed the risk in acting in the manner which purportedly caused the injury to Plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Open, Obvious and Apparent Risk or Danger)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that all risks and dangers connected with this situation at the time and place mentioned in the Verified Complaint were open, obvious and apparent and were known to and assumed by Plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Defendant's Due and Proper Care)

As a separate and affirmative defense to all causes of action alleged in the Verified Complaint on file herein, this Defendant is informed and believes, and thereon alleges, that Defendant acted with due and proper care under the circumstances.

### TWENTY NINTH AFFIRMATIVE DEFENSE
#### (Lack of Service)

Plaintiff failed to properly serve Defendant.

### THIRTIETH AFFIRMATIVE DEFENSE
#### (Jurisdiction)

There is no personal or subject matter jurisdiction over Defendant and, accordingly, the Verified Complaint should be dismissed.

## THIRTY FIRST AFFIRMATIVE DEFENSE

Plaintiff was not a resident of the Bronx at the time of the filing of this Verified Complaint.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Venue was improperly placed in the Bronx County, New York by plaintiff.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Venue should have been placed in Westchester County, Supreme Court.

## THIRTY FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to move to change venue if this matter is remanded to state court.

**WHEREFORE**, Defendant demands judgment dismissing all counts in Plaintiff's Verified Complaint against Defendant.

Dated:   April 7, 2014
         New York, New York

                              Yours, etc.

                              **LECLAIRRYAN**
                              885 Third Avenue, 16th Floor
                              New York, New York 10022
                              (212) 446-5028
                              Attorneys for Defendant,
                              MARRIOTT INTERNATIONAL, INC.


                         By:  /s/ Timothy E. Shanley
                              Timothy E. Shanley

To:   William Sanyer, Esq.
      DAVID HOROWITZ, P.C.
      216 Fifth Avenue, Suite 306
      New York, New York  10001
      Phone: 212-684-3630
      Fax:    212-685-8617
      Attorneys for Plaintiff

12844774.1                           11

## **VERIFICATION**

TIMOTHY E. SHANLEY, being duly sworn, deposes and says that he is a member of the firm of LeClairRyan, a Virginia Professional Corporation, and that he has read the contents of the foregoing and that it is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters deponent believes to be true.

( )   That deponent makes this verification because Plaintiff(s) resides outside of the county where deponent maintains his office.

( )   That deponent makes this verification because is (are) a corporation(s) and deponent is their attorneys and deponent's knowledge is based upon all the facts and corporation records available and in deponent's possession.

( X )   That deponent makes this verification because DEFENDANT, MARRIOTT INTERNATIONAL, INC., resides outside of the county where deponent maintains his office.

_____
Timothy E. Shanley

Sworn and subscribed to
before me this 7th day of
April, 2014

_____
CHERYLE A. CACACE
A Notary Public of New Jersey
My Commission Expires 05/02/2016

12844774.1                                    12

## CERTIFICATION OF SERVICE

I hereby certify that on April 7, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated by the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
Timothy Shanley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CIVIL ACTION NO. 14-CV-2266

MARQUEL MORRIS,

Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC.

Defendant,

**ANSWER TO VERIFIED COMPLAINT
AND AFFIDAVIT OF MAILING**

**LECLAIRRYAN**
TIMOTHY E. SHANLEY, ESQ.
885 Third Avenue, 16th Floor
New York, New York 10022
(212) 446-5028
Attorneys for Defendant,
MARRIOTT INTERNATIONAL, INC.

12844774.1