```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------
MARQUEL MORRIS,                              DOCKET NO:14CV2266

                    Plaintiff,
                                             AMENDED
          -against-                          COMPLAINT

MARRIOTT INTERNATION, INC. and RITZ
CARLTON HOTEL COMPANY, LLC.,                 PLAINTIFF DEMANDS
                                             TRIAL BY JURY
                    Defendants
------------------------------------------
```

Plaintiff, MARQUEL MORRIS, complaining of the defendants, by his attorney, DAVID HOROWITZ, P.C., respectfully alleges:

FIRST: That at all times hereinafter mentioned, Plaintiff MARQUEL MORRIS is a resident of the State of New York, residing at 4350 Dereimere Avenue, Bronx, New York 10466.

SECOND:  That upon information and belief, at all times hereinafter mentioned, defendant MARRIOTT INTERNATIONAL, INC., was a foreign corporation, organized and existing under and by virtue of the laws of the State of Delaware, and licensed to do business in the State of New York, maintaining its place of business at 10400 Fernwood Road, Bethesda, Maryland 20817.

THIRD: That upon information and belief, at all times hereinafter mentioned, defendant RITZ CARLTON HOTEL COMPANY, LLC. was a foreign limited liability company organized and existing under and by virtue of the laws of the State of Delaware, and licensed to do business in the State of New York, maintaining its place of business at 3 Renaissance Square, White Plains, New York 10601.

FOURTH: The matter in controversy is in excess of $75,000.00

exclusive of interest and costs.

FIFTH: This court has jurisdiction by means of diversity of citizenship and an amount in controversy in excess of $75,000.00 and the events giving rise to the claim occurred in Westchester County.

SIXTH: Defendant, MARRIOT INTERNATIONAL, INC., has been named as a defendant in an action filed in the Supreme Court, State of New York, County of Bronx, under index number 20865-2014E entitled MARQUEL MORRIS v. MARRIOT INTERNATIONAL, INC.

SEVENTH: That above captioned action was removed to this Court pursuant to 28U.S.C. Section 1332 because there is diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00.

EIGHTH: The Honorable LORNA G. SCHOFIELD, by Order dated May 27, 2014, has permitted plaintiff to amend the pleadings without leave of Court until June 17, 2014.

NINTH: That on September 28, 2013, defendant MARRIOTT INTERNATIONAL, INC., was the owner of the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

TENTH: That on September 28, 2013, defendant MARRIOTT INTERNATIONAL, INC., operated premises Three Renaissance Square, White Plains, New York, a Marriott Hotel.

ELEVENTH: That on September 28, 2013, defendant MARRIOTT INTERNATIONAL, INC., maintained the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

TWELFTH: That on September 28, 2013, defendant MARRIOTT

INTERNATIONAL, INC., controlled the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

THIRTEENTH:  That on September 28, 2013, defendant MARRIOTT INTERNATIONAL, INC., managed the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

FOURTEENTH:  That on September 28, 2013, defendant MARRIOTT INTERNATIONAL, INC., supervised the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

FIFTEENTH: That on and prior to September 28, 2013, defendant MARRIOTT INTERNATIONAL, INC. was responsible for the condition of the staircase leading to the parking garage.

SIXTEENTH: That on and prior to September 28, 2013, defendant MARRIOTT INTERNATIONAL, INC., was having certain construction work performed at the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

SEVENTEENTH: That on September 28, 2013, defendant RITZ CARLTON HOTEL COMPANY, LLC., was the owner of the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

EIGHTEENTH:  That on September 28, 2013, defendant RITZ CARLTON HOTEL COMPANY, LLC., operated premises Three Renaissance Square, White Plains, New York, a Marriott Hotel.

NINETEENTH: That on September 28, 2013, defendant RITZ CARLTON HOTEL COMPANY, LLC., maintained the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

TWENTIETH: That on September 28, 2013, defendant RITZ CARLTON HOTEL COMPANY, LLC., controlled the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

TWENTY-FIRST:  That on September 28, 2013, defendant RITZ CARLTON HOTEL COMPANY, LLC., managed the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

TWENTY-SECOND:  That on September 28, 2013, defendant RITZ CARLTON HOTEL COMPANY, LLC., supervised the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

TWENTY-THIRD: That on and prior to September 28, 2013, defendant RITZ CARLTON HOTEL COMPANY, LLC. was responsible for the condition of the staircase leading to the parking garage.

TWENTY-FOURTH: That on and prior to September 28, 2013, defendant RITZ CARLTON HOTEL COMPANY, LLC., was having certain construction work performed at the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

TWENTY-FIFTH:  That on an prior to September 28, 2013, defendant  Park Plus Parking was the valet parking service in use by defendant MARRIOTT INTERNATIONAL, INC., at the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

TWENTY SIXTH:  That on an prior to September 28, 2013, defendant  Park Plus Parking was the valet parking service in use by defendant RITZ CARLTON HOTEL COMPANY, LLC., at the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

TWENTY SEVENTH: That on and prior to September 28, 2013, plaintiff MARQUEL MORRIS was employed to park the cars by Park Plus Parking located at the Ritz Carlton Hotel located at Three Renaissance Square, White Plains, New York.

TWENTY EIGHTH: That on September 28, 2013, plaintiff MARQUEL MORRIS was engaged in parking cars at the Ritz Carlton Hotel

located at Three Renaissance Square, White Plains, New York.

TWENTY NINTH: That on September 28, 2013, while plaintiff was acting within the course of his employment and in the performance of his duties at the aforesaid location, he was caused to be injured when he fell down the stairs leading to the garage due to the carelessness, recklessness and negligence of the defendant herein, its agents, servants and/or employees, causing plaintiff to sustain serious and severe personal injuries due to the dangerous condition thereat.

THIRTIETH: That the aforesaid occurrence was caused solely and wholly by reason of the carelessness and negligence of the defendant, its agents, servants, and/or employees.

THIRTY FIRST: That the negligence of the said defendant, its agents, servants and/or employees consisted in the negligent maintenance, management, supervision, operation and control of the aforesaid stairs leading to the parking garage; in failing to clean; in failing to remove debris; in allowing construction workers and others to utilize the stairway; in permitting the construction workers to carry debris down the stairway; in failing to maintain a proper cleaning schedule; in failing to warn plaintiff; in failing to give notice; in setting a trap; in failing to provide the plaintiff with a reasonably safe place to work; and in failing to avoid the occurrence although there was an opportunity to do so.

THIRTY SECOND: That this case falls within one of the exceptions enumerated in CPLR 1602.

THIRTY THIRD: That by reason of the foregoing, plaintiff

sustained severe, serious and permanent injuries to his body, person, limbs, ligaments, nerves, tissues, bones and tendons, to the extent that he became sick, sore, lame and disabled; and was rendered incapacitated and unable to attend to his usual activities and vocation; and required medical assistance; and upon information and belief, some of the existing injuries are permanent in nature.

THIRTY FOURTH:  That solely by reason of the foregoing, plaintiff, MARQUEL MORRIS, was damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

THIRTY FIFTH: That plaintiff demands judgment against the defendants in an amount of $3,000,000.00.

WHEREFORE, plaintiff demands judgment against the defendants in the sum of $3,000,000.00, together with the costs and disbursements of this action.

Yours, etc.

_____
Christopher Joslin (CJ3246)
Attorney for plaintiff
MARQUEL MORRIS
DAVID HOROWITZ, P.C.
Attorney for Plaintiff
Office & P.O. Address
276 Fifth Avenue
New York, New York 10001
(212) 684-3630